The CITY OF DUNCANVILLE, Texas, Appellant,

v.

The CITY OF WOODLAND HILLS, Texas, Appellee.

No. 5155.

Court of Civil Appeals of Texas, at Waco.

July 20, 1972.

Rehearing Denied Aug. 17, 1972.

Saner, Jack, Sallinger & Nichols, Robert L. Dillard, III, Dallas, for appellant.

Jenkins & Johnson, Warwick H. Jenkins and Ronnie B. Johnson, Waxahachie, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant City of Duncanville from summary judgment declaring its Ordinance 502, annexing certain territory, void.

Plaintiff City of Woodland Hills filed this suit against defendant City of Duncanville, seeking to have defendant's Ordinance 502, annexing certain tracts of land, declared void. Plaintiff alleged such tracts were within its extraterritorial jurisdiction; that it had repealed its Ordinance 41 by which it had agreed to such annexation by defendant.

Defendant filed plea in abatement asserting challenge to the validity of its annexation proceedings could only be raised by quo warranto proceedings in the name of the State of Texas; and by answer plead that plaintiff had by Ordinance waived its extraterritorial jurisdiction in favor of defendant.

Plaintiff and defendant both moved for summary judgment.

The trial court granted plaintiff's motion for summary judgment and declared defendant's Ordinance 502 annexing property void, and enjoined defendant from annexing land in the extraterritorial jurisdiction of plaintiff.

Defendant appeals on 4 points contending the trial court erred:

1) In overruling defendant's plea in abatement because the suit filed by plaintiff was not a quo warranto proceeding.

2) In holding Ordinance 502 void and enjoining defendant from annexing the area in question.

3) In sustaining plaintiff's motion for summary judgment.

4) In overruling defendant's motion for summary judgment.

Defendant's contention 1 asserts the trial court erred in overruling its plea in abatement, because the suit was a collateral attack on its Ordinance 502, and was not quo warranto proceeding.

An incorporated city or other aggrieved party can properly challenge a void annexation ordinance of a city without

joinder of the State in a quo warranto proceeding. City of Galena Park v. City of Houston, Tex.Civ.App., Er.Ref., 133 S.W. 2d 162; City of Pasadena v. Houston Endowment Inc., Tex.Civ.App., NRE, 438 S. W.2d 152; Deacon v. City of Euless, Tex., 405 S.W.2d 59.

The trial court properly overruled defendant's plea in abatement.

Defendant's points 2, 3, and 4 assert the trial court erred in holding defendant's Ordinance 502 void, in rendering summary judgment for plaintiff, and in not rendering summary judgment for defendant.

It is undisputed that the territory annexed by defendant's Ordinance 502 is within the extraterritorial jurisdiction of plaintiff; and that plaintiff adopted Ordinance 41 agreeing defendant could annex the territory involved.

Plaintiff's motion for summary judgment is supported by the affidavit of plaintiff's attorney Jenkins which states: "I * * * have personal knowledge of every statement herein made, and am fully competent to testify to the matters herein stated. On May 11, 1971, the City council of Woodland Hills repealed Ordinance 41 * * *. The City of Duncanville was notified of the action of the City of Woodland Hills in repealing Ordinance 41 prior to the institution of annexation proceedings by the City of Duncanville for the annexation of those tracts which are the subject of this suit".

 Defendant cannot annex territory over which plaintiff has jurisdiction without plaintiff's consent. City of Galena Park v. City of Houston, Tex.Civ.App., Er.Ref., 133 S.W.2d 162.

Defendant asserts plaintiff cannot prove repeal of its ordinance consenting to the annexation by Attorney Jenkins' affidavit; that such affidavit is a conclusion and an opinion; and plaintiff should have brought

forward a copy of the ordinance repealing Ordinance 41.

The affidavit of Attorney Jenkins shows the matter clearly within his personal knowledge; was on file four months prior to judgment; and defendant did not contest or contradict the statements of fact contained therein.

Assuming without deciding Attorney Jenkins' affidavit ineffective to establish the repeal of Ordinance 41 by plaintiff, such fact is nevertheless established by defendant's admission in exhibit attached to its motion.

The summary judgment was properly granted.

All defendant's points are overruled.

Affirmed.