The CITY OF KYLE, Texas, et al., Appellants,

v.

H. Y. PRICE, Jr., Appellee.

No. 12506.

Court of Civil Appeals of Texas, Austin.

Feb. 23, 1977.

Rehearing Denied March 16, 1977.

Don W. Raven, Austin, for appellants.

James J. Pendergast, Jr., San Marcos, for appellee.

O'QUINN, Justice.

H. Y. Price, Jr., appellee, brought this action against the City of Kyle in October of 1975, for declaratory judgment and injunctive relief, challenging validity of an ordinance passed by the governing body of the City late in 1968, purportedly annexing nearly 200 acres of land, of which Price owned and lived on about 29 acres.

The City of Kyle answered with pleas that the new territory properly was added to the City by its unilateral action, under authority of Article 970a, V.A.C.S., known as the Municipal Annexation Act, passed by the Legislature in 1963. (Acts 1963, 58th Leg., p. 447, ch. 160 art. 1). The City further relied on Article 974d–13, V.A.C.S., a general validation act passed by the Legislature in 1969. (Acts 1969, 61st Leg., p. 44, ch. 15, emerg. eff. March 13, 1969).

The cause was tried before the court without a jury, both parties having moved for summary judgment. The trial court granted the motion of Appellee Price and entered judgment declaring the annexation ordinance void and enjoining City officials from exercising any control over the area owned by Price.

The City of Kyle has appealed and brings the single point that the trial court erred in failing to apply the validating aspects of Article 974d–13 to the annexation attempted by the City of Kyle in 1968.

We will overrule the point of error and affirm judgment of the trial court.

■ It is undisputed that the City of Kyle sought to annex the additional area by following procedures found in Article 970a, and did not obtain consent of the inhabitants of the new territory, at an election called for that purpose, as required by Article 974, V.A.C.S. The City of Kyle, being a general law city, is required, in adding new areas to the corporate limits, in which three or more voters reside, to comply with Article 974:

"When a majority of the inhabitants qualified to vote for members of the State legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, *shall vote* in favor of becoming a part of said city, any *three* of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city council may, by ordinance, receive them as part of said city; from thenceforth the territory so received shall be a part of said city; and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens, and bound by the acts and ordinances made in conformity thereto and passed in pursuance of this title." (Emphasis added)

This statute, originally passed in 1875 (Acts 1875, p. 156; 8 Gammel, Laws of Texas, 485, 528), has remained, without modification in the ringing grooves of change,[1] the guide for general law cities annexing inhabited areas from enactment of the law to the present time. (Art. 503,

---

1. Tennyson, who took his first train ride at night thought trains ran in grooves, not on wheels, later wrote in *Locksley Hall*, "Let the great world spin for ever down the ringing grooves of change."

R.S.1879; Art. 574, R.S.1895; Art. 781, R.S. 1911; Art. 974, R.S.1925). Thus consent of a majority of the qualified voters inhabiting an area sought to be annexed by a general law city is still a prerequisite to such annexation under terms of Article 974. The Municipal Annexation Act (Art. 970a) did not repeal the requirements of Article 974, or any part of that law, with respect to annexation by general law cities of areas in which three or more voters reside. *Sitton v. City of Lindale,* 455 S.W.2d 939, 941 (Tex.1970).

■ On appeal, as below, the City of Kyle relies on validation by the Legislature of the City's boundaries as it attempted to extend them under the ordinance of 1968, and looks specifically for such validation to section 3 of Article 974d–13, which declared:

> "The boundary lines of all such cities and towns, including both the boundary lines covered by the original incorporation proceedings *and any subsequent extensions thereof* are hereby in all things validated." (Emphasis added)

The Supreme Court of Texas, in 1971 and again in 1975, in construing validation acts of the Legislature employing the same or similar language, held that the specific and express provisions of the earlier statute, prescribing prerequisites and methods of adding new territory by general law cities, were not repealed, and that failure to comply with specified requirements of earlier laws was not cured by the validating acts. *City of West Lake Hills v. State ex rel. City of Austin,* 466 S.W.2d 722, 729 (Tex.1971); *City of Waco v. City of McGregor,* 523 S.W.2d 649, 652 (Tex.1975). See also: 22 Texas Practice, *Municipal Law and Practice,* ch. 6 secs. 111 et seq., with forms secs. 126 et seq. (1976).

We hold that the specific and express requirement of Article 974, that consent of the inhabitants of the area to be annexed first be obtained, was not repealed by passage of Article 974d–13, and that the City's unilateral effort by ordinance to add the new territory without consent of the voters residing in that area was not validated by the Legislature. The ordinance was void and is ineffective to incorporate such area within the corporate limits of the City of Kyle.

The judgment of the trial court is in all things affirmed.