**Dean McMULLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 8690.**

Court of Appeals of Texas, Beaumont.

Dec. 10, 1981.

Rehearing Denied Jan. 7, 1982.

Gregg Owens, Lufkin, for appellant.

John Henry Tatum, Ed C. Jones, County Atty., Lufkin, for appellee.

CLAYTON, Justice.

This is a proceeding in the nature of quo warranto brought by the State of Texas by the county attorney of Angelina County, seeking the removal of appellant, Dean McMullen, from the office of mayor of the City of Huntington, upon grounds that he is ineligible to hold such office because of appellant's failure to meet the residence requirements of *Tex.Elec.Code Ann. art. 1.05* (1980–81). Trial was to a jury which

found that appellant was not a resident of the City of Huntington at the time he "filed for the office of Mayor" and was not such a resident at the time of trial. Based upon such jury findings, the trial court entered judgment that appellant "is not eligible to hold the office of Mayor of the City," that "he is therefore hereby ousted from the office of Mayor," and declaring that "the office of Mayor of the City of Huntington is hereby declared vacant."

The State and appellant, prior to trial, entered into the following written stipulations:

"(1) The City of Huntington, at all times subsequent to August 7, 1939, . . . has been an incorporated city under the provisions of Title 28, Revised Civil Statutes, . . . 1925. . . .

"(2) The City . . . has since August 7, 1939, . . . functioned as a incorporated town . . . under the general laws of the State. . . .

"(3) Prior to the filing of this cause of action, there has been no prior litigation concerning the location, annexation or extension of boundary lines of the city . . . , and there have been no final judgments entered concerning the location, annexation, or extension of boundary lines of the City. . . ."

The question presented by this case is whether appellant resides inside the city limits of the City of Huntington. If he does, then he is eligible to hold the office of mayor. If he does not, then he is ineligible to hold such office because he is in violation of the residence requirements of *Article 1.05* of the Texas Election Code.

The city was incorporated as a general law city in 1939. In 1961, a map or plat of the "Wilson Addition" was recorded in the County Clerk's office and the testimony of witnesses was to the effect that the city "accepted" the plat. There is no disagreement by the parties that the greater portion of the Wilson Addition is within the original city limits. A smaller portion lies outside the city limits as established by the field notes of the original boundary lines of the incorporated city.

Appellant's third and fourth points attack the findings of the jury that he was not a resident of the city at the time he "filed" for the office of mayor on grounds of legal and factual insufficiency of the evidence. We overrule these points.

The State offered into evidence minutes of the Commissioner's Court of Angelina County showing an entry that on December 12, 1938, an election was held and resulted in "a majority of the citizens of the town of Huntington voted to incorporate, . . . [and] it is the order of the County Judge . . . that said town of Huntington, as shown by the boundaries of said incorporation duly filed with said County Judge, is hereby incorporated within the following boundaries, and said boundaries as hereinafter shown shall be the boundaries of said City of Huntington, Texas, . . . which boundaries are as follows: . . . ." There follows a description, by metes and bounds, of the territory of the incorporated area.

The minutes of the Commissioner's Court, describing the territorial limits of Huntington, were admitted into evidence for the limited purpose of showing "that the Commissioner's Court accepted as the field notes to the City of Huntington at that time." Appellant now argues that these field notes cannot be used in any manner for the purpose of showing the accuracy of the field notes, or that they are the present city boundary limits, or for showing that they are a sufficient description of the boundary lines of the city in 1939 or at any time thereafter, because of the limited offer and admission. We do not agree.

The evidence shows, without contradiction, that the boundary lines of the city have not changed by any annexation ordinances since the date of its incorporation. Moreover, appellant states in his brief that "[w]hen the citizens voted to be an incorporated town in 1938, under Title 28, written field notes were prepared describing the boundaries of the City of Huntington [plaintiff's Exhibit Number One]." This exhibit was the minutes of the Commissioner's Court accepting the described field

notes of the city. This statement in appellant's brief is an admission that the field notes described the boundaries of the City of Huntington, and the minutes of the Commissioner's Court show that they were accepted as such, and such minutes were admitted for such purpose.

■ The testimony of the witness Leggett, a registered surveyor, based upon the original field notes and his own surveying work, established that the boundaries of the city did not include all the land which makes up the present Wilson Addition. He located the east boundary line and testified that Lot No. 7, Block No. 7, of the Wilson Addition, the place of appellant's residence, was at the closest point 40.6 feet from the eastern boundary line of the city, which was outside the territorial limits of the city. Appellant admitted that he has resided at such place since 1968. By applying the appropriate standard of review, we find the evidence to be legally sufficient to support the finding of the jury. *Rourke v. Garza*, 530 S.W.2d 794 (Tex.1975). We have considered the entire record before us and find that the evidence is factually sufficient to support the finding of the jury. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

By his first and second points of error, appellant contends that "Art. 974d–11 and Art. 974d–28 validated the extension of the city's boundary lines to include the entire Wilson Addition of the City of Huntington." We do not agree and, accordingly, overrule these points.

■ The city has not, at any time, annexed by ordinance that portion of the Wilson Addition which is outside the territorial limits of the city. The city has taken no overt action in attempting to annex such "outside portion" of the Wilson Addition. The Validation Acts, relied upon by appellant, cannot, in any manner, affect or change the original territorial limits of the city. Our Supreme Court has held that the power of "general law" cities, since 1875, derive their power of annexation from *Tex. Rev.Civ.Stat.Ann. art. 974* (1963), which applies to land that is inhabited and not owned by the city, and that any attempt to annex such "outside" territory would be void where there was no compliance with the provisions of *Article 974.* See *Sitton v. City of Lindale*, 455 S.W.2d 939 (Tex.1970); *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722, 729 (Tex. 1971); *City of Kyle v. Price*, 547 S.W.2d 376 (Tex.Civ.App.—Austin 1977, no writ). *Tex. Rev.Civ.Stat.Ann. art. 974* (1963) specifically provides that annexation must be done by ordinance, and such was not done in the case at bar.

The city has not annexed or attempted to annex by ordinance, or in any other manner, that portion of Wilson Addition in which appellant resides. Since there have been no proceedings to attempt to annex such territory, there are no proceedings by the city which can be validated by *Article 974d–11* and *Article 974d–28* (Supp.1981). These validating acts affect only "boundary lines covered by the original incorporation proceedings and any subsequent extensions thereof . . . ." Under the facts of this case, there have been no proceedings taken by the City Council whereby the original boundary lines had been extended; therefore, such validating acts do not apply.

In view of our disposition of the points discussed, it is unnecessary to consider the remaining points brought forward by appellant.

The judgment of the trial court is affirmed.

AFFIRMED.