Luis S. MINTON, Relator,

v.

The Honorable Rey PEREZ, Judge, Respondent.

No. C–9502.

Supreme Court of Texas.

Nov. 11, 1992.

## ORDER

This court granted leave to file petition for writ of mandamus in this cause on March 21, 1990. The court heard oral argument on April 25, 1990. In the intervening time events in related criminal proceedings have made it imprudent for this court to act.

This cause concerns the removal from the office of County Commissioner, Precinct No. 4, Maverick County, of relator; Luis S. Minton, for conviction of a felony. The orders of removal from office, and suspension pending appeal of the criminal conviction, were included in a paragraph of the judgment of conviction in the criminal case. This court took jurisdiction of the cause under relator's arguments that he was entitled to remain in office notwithstanding his felony conviction. Relator also separately appealed his criminal conviction.

While this cause was under submission, the Court of Appeals for the Fourth Court of Appeals District, San Antonio, reversed relator's criminal conviction and ordered a judgment of acquittal. No. 04–88–00426–CR, *Luis Minton v. State of Texas*, 801 S.W.2d 110, (opinion and judgment delivered July 25, 1990). The State sought review of the reversal of the conviction by petition for discretionary review to the Court of Criminal Appeals. The Court of Criminal Appeals granted discretionary review, but then on September 16, 1992, dismissed the petition as improvidently granted. No. 022–91, *State v. Minton*, 836 S.W.2d 635. That court has now denied further review by the State. On October 2, 1992, the Court of Criminal Appeals returned the criminal case to the Court of Appeals. The Court of Criminal Appeals is the court of last resort to which the State may seek review of the reversal of Minton's criminal conviction.

Under TEX.LOC.GOV'T CODE § 87.032, the appeal of the criminal conviction superseded the order of removal as a matter of law, but the order of suspension remained in effect until and unless an appellate court reversed the judgment of conviction. The reversal of the judgment in the criminal proceeding acted to vacate the removal portion of that judgment, which was part of the relief relator sought in this cause.

The County of Maverick had withheld relator's emoluments of office under the procedure that if relator were successful in his appeal of the criminal conviction, he would be entitled to such emoluments "as if he had never been removed, unless during the intervening period something else occurred to deny him the right thereto." Op.Tex.Att'y Gen. No. H–227 (1974). Both in documents filed with this court and in oral argument, counsel for respondent and for the County of Maverick (real party in interest) conceded that should "the final outcome" of relator's appeal of the criminal conviction be a reversal, then relator "would be entitled to the emoluments of office as if he had never been removed." Tr. Ex. 7, p. 2. As this concession shows, through the reversal and order of acquittal in his criminal case, relator by operation of law has now obtained all the relief he sought in this cause.

Since relator, through his successful criminal appeal, has obtained both invalidation of the order removing him from office and entitlement to all emoluments of office as though the removal order never existed, this cause is moot. Without reference to the merits, it is ORDERED that this cause is DISMISSED as moot.