CITY OF MURPHY, Texas, Petitioner,

v.

CITY OF PARKER, Texas, Respondent.

No. 95–0086.

Supreme Court of Texas.

Argued Sept. 6, 1995.

Decided Feb. 16, 1996.

Rehearing Overruled July 17, 1996.

Appeal from Dallas Court of Appeals, Fifth Judicial District; John Ovard, Justice.

Jerry C. Gilmore, Robert F. Brown, Dallas, for Petitioner.

John E. Rapier, Allen, for Respondent.

CORNYN, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and HECHT, ENOCH and SPECTOR, Justices, join.

Section 43.901 of the Local Government Code provides:

A municipal ordinance defining boundaries of or annexing area to a municipality is conclusively presumed to have been adopted with the consent of all appropriate persons if:

(1) two years have expired after the date of the adoption of the ordinance; and

(2) an action to annul or review the adoption of the ordinance has not been initiated in that two-year period.

TEX.LOC.GOV'T CODE § 43.901. In this case we determine whether section 43.901 bars a municipality's suit complaining of a nonconsensual annexation of land within its extraterritorial jurisdiction if it fails to challenge the annexation within two years. We hold that it does.

The City of Parker and the City of Murphy are both located in Collin County, Texas. On November 28, 1988, the owners of a 27.55–acre tract of land petitioned Parker for annexation. After publishing notice in the *Plano Star Courier* and conducting public hearings, Parker passed an ordinance purporting to annex the tract on January 10, 1989. Approximately fourteen acres of the tract, known as the Dublin Road Estates, were within Murphy's extraterritorial jurisdiction (ETJ) and thus outside Parker's ETJ.

Murphy sued on September 1, 1993, seeking a declaration that the annexation was void. The trial court granted Parker a summary judgment, holding that the suit was barred under section 43.901 because it had been filed more than two years after the annexation. A divided court of appeals affirmed. —— S.W.2d ——, 1994 WL 500795.

Murphy raises two substantive challenges to the annexation. First, it contends that the annexation is void because

Parker did not obtain Murphy's consent.[1] Although Parker concedes that it lacked consent, the parties dispute whether section 43.901 bars Murphy from challenging the annexation. Second, Murphy argues that because some of the annexed land was outside Parker's ETJ, Parker lacked authority to annex the land under any circumstances. *See* Tex.Loc.Gov't Code § 43.051.

■ As a general rule, a city may not annex land in another city's ETJ without that city's consent. *City of Duncanville v. City of Woodland Hills*, 484 S.W.2d 111, 113 (Tex. Civ.App.—Waco), *writ ref'd per curiam*, 489 S.W.2d 557 (Tex.1972), *overruled in part on other grounds, Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 439 (Tex.1991); *see City of Nassau Bay v. City of Webster*, 600 S.W.2d 905, 908 (Tex.Civ.App.—Houston [1st Dist.] ), *writ ref'd per curiam*, 608 S.W.2d 618 (Tex.1980). Consent to annexation of another city's ETJ must be in writing. Tex. Loc. Gov't Code § 42.023. Parker undeniably failed to obtain written consent from Murphy.

■ Murphy argues first that because section 43.901 refers only to "all appropriate persons," it does not apply to municipalities, only to individual landowners and residents in the annexed area. The Code Construction Act leads us to a different conclusion. The Act defines "person" as a "corporation, organization, government or government subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." Tex. Gov't Code § 311.005(2). This definition clearly includes municipalities. Murphy also contends that examination of Article 974c–4 of the Texas Revised Civil Statutes, the predecessor to section 43.901, demonstrates legislative intent that the statute apply only to individual inhabitants of the annexed land. That statute provided:

Section 1. All city charters, city charter amendments, ordinances and proceedings of the governing bodies of all incorporated cities, including home rule cities, defining the boundaries of such incorporated cities or annexing thereto territory adjoining any such city with the consent of a majority of the inhabitants of such annexed territory, are hereby ratified and confirmed.

Section 2. After the expiration of two (2) years from the date of any ordinance defining boundaries of or annexing territory to any incorporated city, consent to the annexation and inclusion of such territory in such city shall be conclusively presumed if no action has then been commenced to annul or review such act.

Act of May 15, 1949, 51st Leg., ch. 508, 1949 Tex.Gen.Laws 930, *repealed by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex.Gen.Laws 707, 1306–07 (current version at Tex.Loc.Gov't Code § 43.901). We find no language in the predecessor statute suggesting that it did not apply to municipalities. We conclude that the plain language of section 43.901 erects a complete statutory bar to any challenge of a municipality's annexation ordinance based on lack of consent.

■ Murphy further argues that if section 43.901 includes municipalities, it creates an alternate method by which a city may consent to reduction of its ETJ, and therefore conflicts with the written consent requirement of section 42.023. We disagree. The statute does not allow annexing cities to circumvent section 42.023, but mandates that any suit brought to challenge such action after two years is time-barred. Section 43.901 is, in effect, a statute of limitations. Of course, no statute of limitations directly addresses the merits of a claim to which it is interposed as a bar. Instead, limitations rest

---

1. The dissent contends that because the Legislature has not given Murphy the authority to annex the disputed land, its ordinance is void and "cannot be resurrected." 932 S.W.2d at 484. We obviously disagree with that conclusion. The Legislature created the municipal annexation scheme, and given its undisputed power to create that scheme, it follows that it must also have the power to grant repose to potential annexation disputes by enacting curative legislation like section 43.901. Indeed, the Legislature has the

power to entirely eliminate the requirement that a city give its written consent to a reduction of its ETJ. Our cases have expressly acknowledged the Legislature's power to ratify any act which it had the power to authorize, even if the act was void in its inception. *Perkins v. State*, 367 S.W.2d 140, 145 (Tex.1963); *State v. Bradford*, 121 Tex. 515, 50 S.W.2d 1065, 1078–79 (1932); *City of Arlington v. City of Grand Prairie*, 451 S.W.2d 284, 290 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.)

on a legislative policy judgment that requires the diligent pursuit of one's legal rights at the risk of losing them if they are not timely asserted. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990). This policy choice finds value in settled expectations and reliance interests.

In section 43.901, the Legislature has recognized the need for certainty in municipal boundaries. After annexing land, a municipality must provide services to the area, including police and fire protection, trash collection, and maintenance of roads, streets, water facilities, parks and playgrounds. Tex.Loc.Gov't Code § 43.056(b). Residents depend on, and pay taxes for, these vital services. To invalidate a municipal annexation long after a city establishes these services would create confusion and hardship for the residents. The Legislature has directed that at a certain point in time, defects in an annexation must yield to the interests of stability. The statute conclusively presumes that after two years, all required consent to an annexation was given; thus all challenges based on lack of actual consent are barred.

We note that in designating ETJ, the Legislature's purpose was "to promote and protect the general health, safety, and welfare of persons residing in and adjacent to the municipalities." Tex.Loc.Gov't Code § 42.001. Murphy's interpretation of section 43.901 is contrary to this purpose because it would bar residents and landowners, the parties most directly affected by an annexation, from challenging an annexation after two years, but would allow the adjacent municipality to challenge an annexation at any time.

Finally, Murphy challenges the annexation on the grounds that part of the annexed land was outside Parker's ETJ. This argument, however, is merely an extension of Murphy's argument that Parker illegally annexed land in Murphy's ETJ. Had Murphy expressly consented to relinquish its jurisdiction over the land, Parker could have extended its ETJ to include it. Again, the essence of Murphy's complaint is that Parker failed to obtain the requisite consent to the annexation, consent that is conclusively pre-

sumed to have been given after the expiration of two years under section 43.901.

We reject Murphy's argument that Parker failed to establish that it could have extended its ETJ by Murphy's consent to include the disputed land. Murphy contends that Parker was not entitled to summary judgment on this issue because it did not present any evidence of its population at the time of the annexation. But Murphy erroneously assumes that Parker's ETJ could have expanded only by operation of law based on the city's population. A city's ETJ may also expand by request of the land's owners. Tex.Loc.Gov't Code § 42.022(b). Here, the summary judgment evidence reveals that the landowners in question asked Parker to annex their land. This request would have been sufficient to permit Parker to expand its ETJ under section 42.022.

After two years, section 43.901 created the conclusive presumption that Murphy consented to the annexation, and barred any subsequent challenges by Murphy. Accordingly, we affirm the judgment of the court of appeals.

BAKER, J., not sitting.

GONZALEZ, Justice, joined by OWEN and ABBOTT, Justices, dissenting.

Today the Court magically transforms an unlawful, void ordinance into a lawful, effective one by holding that a statute of limitations imposed on "persons" by section 43.901 of the Local Government Code "erects a complete statutory bar to any challenge of a municipality's annexation ordinance based on lack of consent." 932 S.W.2d at 481. It defies logic and common sense to hold that a void ordinance blossoms into a valid one with the passage of time. I would reverse the judgment of the court of appeals and render judgment that Parker's annexation ordinance is void.

Municipal annexation of land is a legislative function. The Texas Legislature has delegated the task of annexation to individual municipalities, but provided in the Local Government Code a statutory scheme they are

required to follow. *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438–39 (Tex.1991). As one limitation on this delegated power, the Legislature restricted the circumstances under which a municipality can annex land or encroach upon another city's extraterritorial jurisdiction (ETJ). For example, a municipality is forbidden from expanding its ETJ by annexation to include any area within the existing ETJ of another municipality. TEX. LOC.GOV'T CODE § 42.022(c). Similarly, unless it owns the land, a municipality cannot annex land that does not fall within its present ETJ. *Id.* § 43.051. Finally, with one exception inapplicable here, the ETJ of a municipality cannot be reduced unless the legislative body gives its consent in writing by ordinance or resolution. *Id.* § 42.023.

Under the facts of the instant case, it is undisputed that fourteen of the twenty-seven acres known as the Dublin Road Estates fell within Murphy's ETJ. It is also undisputed that Murphy did not relinquish the land by written consent. By passing an ordinance purporting to annex those fourteen acres, Parker went beyond its statutory power to expand its own municipal boundaries. *See* TEX.LOC.GOV'T CODE §§ 42.022(c), 43.051. More importantly, Parker encroached unlawfully upon Murphy's ETJ. *See id.* § 42.023. For these reasons, Parker's ordinance is void *ab initio*.

The Court acknowledges that Parker's annexation was unlawful, but based on its misconstruction of section 43.901, concludes that Murphy cannot claim its territory after two years. The Court points out that municipalities fall under the Code Construction Act's definition of "persons," but fails to note that the Legislature did not define what it meant by "*appropriate* persons" in the context of

the statute. We are authorized to consider other factors in determining the precise meaning of that phrase. *See* TEX. GOV'T CODE §§ 311.005, .023. Specifically, an analysis of the relevant pre-code provision, article 947c–4,[1] indicates that section 43.901 was not intended to operate as a statute of limitations against municipalities.

Section 1 of article 947c–4 ratified all city annexations made "with the consent of the majority of the inhabitants of such annexed territory." Act of May 15, 1949, 51st Leg., ch. 508, 1949 Tex.Gen.Laws 930, *repealed by* Act of May 1, 1987, 70th Leg., R.S. ch. 149, § 49(1), 1987 Tex.Gen.Laws 707, 1306–07 (current version at TEX.LOC.GOV'T CODE § 43.901). Section 2 established a conclusive presumption of consent two years after the date of the ordinance. *Id.* When the two provisions are read together, it appears that the "consent" required by section 2 necessarily refers to the definition appearing in section 1. In other words, article 947c–4 imposed a conclusive presumption after two years that the majority of the residents of the annexed area consented to the ordinance; however, no such presumption of consent was imposed with respect to municipalities. Therefore, while article 947c–4 may have operated as a bar to private challenges after two years, there is no indication that municipalities were subject to a similar bar when contesting illegal annexation ordinances.

In its codification of section 2 as section 43.901 of the Local Government Code, the Texas Legislative Council added the phrase "all appropriate persons." Yet, under existing law, the Council is forbidden from altering the sense, meaning, or effect of the previous statute. TEX. GOV'T CODE § 323.007(b);

---

1. Article 974c–4 of the Revised Civil Statutes provided as follows:

    Section 1. All city charters, city charter amendments, ordinances and proceedings of the governing bodies of all incorporated cities, including home rule cities, defining the boundaries of such incorporated cities or annexing thereto territory adjoining any such city with the consent of a majority of the inhabitants of such annexed territory, are hereby ratified and confirmed.

    Sec. 2. After the expiration of two (2) years from the date of any ordinance defining boundaries of or annexing territory to any in-

    corporated city, consent to the annexation and inclusion of such territory in such city shall be conclusively presumed if no action has then been commenced to annul or review such act.

    Sec. 2A. The provisions of this Act shall not apply to any territory of any city where the annexation of such territory is the subject of any pending litigation at the time of passage of this Act.

    Act of May 15, 1949, 51st Leg., ch. 508, 1949 Tex.Gen.Laws 930, *repealed by* Act of May 1, 1987, 70th Leg., R.S. ch. 149, § 49(1), 19987 Tex.Gen.Laws 707, 1306–07 (current version at TEX. LOC. GOV'T CODE § 43.901).

see *Palmer v. Palmer*, 831 S.W.2d 479, 482 (Tex.App.—Texarkana 1992, no writ); *Minton v. Perez*, 783 S.W.2d 803, 805 (Tex.App.—San Antonio 1990), *appeal dismissed as moot*, 841 S.W.2d 854 (Tex.1992). Furthermore, in the event of a conflict between the language of a former statute and a revision made by the Council, the former statute controls. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654–55 (Tex.1989). In this case, a plain reading of article 947c–4 shows that it did not apply to municipalities, and the Council could not exceed the scope of the former statute when reworking it for codification. Thus, the Court errs in concluding that section 43.901 bars municipalities from challenging illegal annexation ordinances more than two years after their enactment.

Parker's ordinance is analogous to a judgment rendered by a court lacking subject matter jurisdiction or the authority to render that particular judgment. This Court has repeatedly held that such judgments are void. *See, e.g., Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985); *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973). We have taken a similar approach with respect to annexation ordinances that contradict the express statutory limitations on a municipality's authority. *See, e.g., City of West Orange v. State ex rel. City of Orange*, 613 S.W.2d 236, 238 (Tex.1981) (finding ordinance invalid because it purported to annex land not adjacent to city); *City of Waco v. City of McGregor*, 523 S.W.2d 649, 652 (Tex.1975) (opining that ordinance was "void when it was passed" because it attempted to annex territory in contravention of statutory provision); *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722, 729–30 (Tex.1971) (holding that ordinances attempting to annex noncontiguous and nonadjacent land in violation of statute were invalid); *Deacon v. City of Euless*, 405 S.W.2d 59, 64 (Tex.1966) (declaring attempted annexation of territory "null and

void" because it exceeded statutory size limitations). Courts of appeals have specifically applied this line of cases to hold that an ordinance which attempts to annex territory within the ETJ of another municipality is void. *See, e.g., Village of Creedmoor v. Frost Nat'l Bank*, 808 S.W.2d 617, 621 (Tex.App.—Austin 1991, writ denied); *City of Houston v. Savely*, 708 S.W.2d 879, 887 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. denied*, 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 698 (1987); *City of Missouri City v. Senior*, 583 S.W.2d 444, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The Court's failure to acknowledge this connection or to harmonize its position with our precedents highlights the flaw in its decision.[2]

As a fallback position, the Court holds in a footnote that, in any event, the Legislature could have blessed this illegal annexation through a validating statute. With all due respect, the Court misses the point. I do not question the Legislature's authority to approve any conceivable annexation by a municipality, no matter how extensive or preposterous the annexation might be. However, the validation statutes applicable in this case express the clear intention of the Legislature not to validate or ratify ordinances such as the one at issue here.

The provision relevant to this case is article 974d–40, the 1993 validating statute. Like its predecessors, article 974d–40 contains general language validating annexations or attempted annexations. TEX.REV.CIV. STAT. art. 974d–40, § 4(a). However, section 5 states that the statute "does not validate governmental acts or proceedings relating to a city's or town's annexation or attempted annexation of territory in the extraterritorial jurisdiction of another city or town without the consent of that city or town in violation of Chapters 42 and 43, Local Government Code." *Id.* § 5. In other words, although

---

**2.** Under the view the Court takes today, void ordinances become valid as long as they remain unchallenged for a certain period of time. That *simply* cannot be the case. Like a void judgment, a void ordinance is subject to collateral attack; it cannot be resurrected by the mere passage of time. *See Alexander Oil*, 825 S.W.2d

at 436; *see also Cook*, 733 S.W.2d at 140. Because Parker exceeded the annexation authority delegated to it by the Legislature, the ordinance "cannot confer any rights, bestows no power on anyone, and justifies no acts performed under it." *Sharber v. Florence*, 131 Tex. 341, 115 S.W.2d 604, 607 (Tex.1938).

any minor deficiencies in annexation proceedings were ratified, the Legislature expressly excluded transgressions like Parker's from validation. Parker's ordinance remains void because it was not saved by any legislative act. *See City of Waco*, 523 S.W.2d at 654; *City of West Lake Hills*, 466 S.W.2d at 729–30; *City of Missouri City*, 583 S.W.2d at 448–49; *City of Kyle v. Price*, 547 S.W.2d 376, 378 (Tex.Civ.App.—Austin 1977, no writ). The basic purpose of validation statutes is to give effect to an ordinance passed in good faith, but plagued by some procedural or minor defect. *See Richardson v. State*, 199 S.W.2d 239, 244 (Tex.Civ.App.—Dallas 1946, writ ref'd n.r.e.). They are not intended to put the Legislature's stamp of approval on otherwise void enactments.

Finally, the Court states that its interpretation of section 43.901 as an effective statute of limitations "does not allow cities to circumvent section 43.023." 932 S.W.2d at 481. However, that is exactly what Parker has done here. One need go no further than the facts of this case to determine that annexation ordinances requiring consent will now be given full effect, even if they are illegal, as long as two years pass before anyone challenges them. As a result of today's decision, section 42.023 is rendered a nullity. Municipalities will now feel compelled to police each other, fostering mutual distrust, leading to a considerable waste of resources. Cash-strapped rural areas will feel a particularly heavy burden, as they must now scramble to find ways to monitor their neighbors' activities. That is not what the Legislature intended when it enacted the annexation scheme or the relevant validation statute.

In summary, the Court has misconstrued the relevant statutes. Municipalities are not permitted to annex territory in the ETJ of another municipality and then be free from challenge to the unlawful land-grab after two years have passed. Municipal boundaries should be more secure than that. For some inexplicable reason, the Court ignores the Legislature's clear and unequivocal statement that the validating statute does not validate governmental acts or proceedings relating to an annexation ordinance purporting to include territory in the ETJ of another

city or town without consent. This unnecessary and unfortunate decision will create havoc and uncertainty in the annexation process. For the foregoing reasons, I dissent.