Affirmed in Part, Reversed and Remanded in Part and Memorandum Opinion
filed April 19, 2005









Affirmed in Part, Reversed and Remanded in Part and
Memorandum Opinion filed April 19, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00353-CV

____________

 

THE CITY OF
WEBSTER, TEXAS,
Appellant

 

V.

 

THE CITY OF
HOUSTON, TEXAS,
Appellee

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 03-06156

 



 

M E M O R A N D U M   O P I N I O N








On January 10, 2001, appellee, the City of
Houston, Texas, passed an ordinance annexing property in the overlapping
extraterritorial jurisdictions of Houston and appellant, the City of Webster,
Texas.  On February 4, 2003, Webster
sought a declaratory judgment, requesting that the court declare the parties’
rights and obligations with respect to the property in question.  Webster later added a claim for breach of
contract, asserting it was entitled to the property under an alleged 1972
contract between Houston and Webster apportioning the property.  The trial court granted partial summary
judgment on the declaratory judgment claim based on the statute of limitations,
and the trial court later dismissed the breach of contract claim based on
sovereign immunity.

In five issues, Webster asserts (1) the
trial court erred in granting Houston’s plea to the jurisdiction because
Houston’s immunity from suit has been waived and (2) the trial court erred in
granting summary judgment on the declaratory judgment claim because the
annexation was invalid as a matter of law and Houston is equitably estopped
from asserting a limitations defense. 
Because we find that Houston’s immunity from suit has been waived, we
reverse the trial court’s order granting Houston’s plea to the jurisdiction and
remand for further proceedings consistent with this opinion as to Webster’s
breach of contract claim.  Because we
further find that the declaratory judgment action was untimely, we affirm the
trial court’s order dismissing the declaratory judgment claim.

                                                Immunity
from Suit

In Texas, sovereign immunity protects the
state against lawsuits for damages unless the state has consented to suit.  Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 224 (Tex. 2004).  Cities,
as political subdivisions of the state, are entitled to immunity unless it has
been waived.  San Antonio Indep. Sch.
Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996).  Sovereign immunity encompasses two distinct
principles:  immunity from suit and
immunity from liability.  Miranda,
133 S.W.3d at 224.  While immunity from
liability is an affirmative defense, immunity from suit deprives a court of
subject matter jurisdiction.  Id.  Because it affects the court’s jurisdiction,
immunity from suit, unlike immunity from liability, is properly raised in a
plea to the jurisdiction.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).








In its first issue, Webster argues that
section 51.075 of the Local Government Code waives Houston’s immunity from suit
in breach of contract cases.  Section
51.075, which apples to home-rule municipalities such as Houston, provides that
“[t]he municipality may plead and be impleaded in any court.”  Tex.
Loc. Gov’t Code Ann. § 51.075 (Vernon 1999).  In City of Houston v. Clear Channel
Outdoor, Inc., No. 14-03-00022-CV, __ S.W.3d __, 2004 WL 63561, at *4 (Tex.
App.—Houston [14th Dist.] Jan. 15, 2004, pet. filed), this court analyzed
section 51.075 and determined that it constituted a waiver of immunity from
suit in a breach of contract action. 
Houston argues that Clear Channel was wrongly decided, but we are
bound by principles of stare decisis to follow it.  See Guest v. Cochran, 993 S.W.2d 397,
404 n.6 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (“We are, however, bound
by prior opinions issued by this court.”). 
Thus, we hold that because Houston’s immunity from suit has been waived,
the trial court erred in granting its plea to the jurisdiction as to Webster’s
breach of contract claim.  We sustain
Webster’s first issue.[1]

                                                      Limitations

Generally, a municipality’s
extraterritorial jurisdiction may not be reduced without its consent.  See Tex.
Loc. Gov’t Code Ann. § 42.023 (Vernon 1999).  Webster contends that Houston’s annexation of
its extraterritorial jurisdiction is invalid because it did not first obtain
Webster’s consent.  Relying on chapter 43
of the Local Government Code, Houston argues that Webster’s challenge is
untimely because it annexed the property on January 10, 2001, but Webster did
not file its declaratory judgment claim until February 4, 2003, more than two
years later.  The trial court agreed and
granted partial summary judgment based on limitations.  In its fourth issue, Webster contends this
was error.  We disagree.

At the time Houston annexed the property
in 2001, section 43.901 of the Local Government Code provided:

A municipal ordinance defining
boundaries of or annexing area to a municipality is conclusively presumed to
have been adopted with the consent of all appropriate persons if:

(1) two years have expired after
the date of the adoption of the ordinance; and








(2) an action to
annul or review the adoption of the ordinance has not been initiated in that
two-year period. 

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1,
sec. 43.901,1987 Tex. Gen. Laws 707, 766 
(amended 2001) (current version at Tex.
Loc. Gov’t Code Ann. § 43.901 (Vernon Supp. 2004–2005)).[2]  The Texas Supreme Court has ruled that
section 43.901 bars a municipality’s challenge to another municipality’s annexation
of its extraterritorial jurisdiction if not brought within two years.  City of Murphy v. City of Parker, 932
S.W.2d 479, 480 (Tex. 1996).  Webster
asserts that the majority opinion in City of Murphy was wrongly
decided.  However, we are bound to follow
supreme court precedent and do so in holding that Webster’s declaratory
judgment claim contesting Houston’s annexation of its extraterritorial
jurisdiction, which was brought more than two years later, is barred by
limitations.  Accordingly, we overrule
Webster’s fourth issue.

                                                Equitable
Estoppel

Webster asserts in its fifth issue that
Houston is equitably estopped from asserting a limitations defense in this
case.  Webster provides no citations to
the record or argument explaining its theory but merely asserts that “[t]he
evidence submitted by Webster in response to Houston’s motion for summary
judgment clearly meets each element” of the standard for equitable
estoppel.  Thus, Webster has waived this
argument because of inadequate briefing. 
See Tex. R. App. P. 38.1(h);
Melendez v. Exxon Corp., 998 S.W.2d 266, 280 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  We overrule
Webster’s fifth issue.








The trial court’s order granting Houston’s
plea to the jurisdiction is reversed and remanded for proceedings consistent
with this opinion.  The trial court’s
order dismissing Webster’s declaratory judgment claim is affirmed.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 19, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Because we
hold that section 51.075 waives Houston’s immunity from suit, we need not
address Webster’s other argument in its first issue that Houston’s City Charter
waives its immunity from suit or Webster’s second and third issues in which it
contends that Houston waived immunity from suit by its conduct.





[2]  In 2001, the
statute was amended to exclude from this presumption of consent “another
municipality.”  Tex. Loc. Gov’t Code Ann. § 43.901 (Vernon Supp.
2004–2005).  However, this change does
not apply to a municipal annexing ordinance that was adopted before the
effective date of the act.  Act of May
15, 2001, 77th Leg., R.S., ch. 401, § 2, 2001 Tex. Gen. Laws 733, 734.  Because Houston passed its annexing ordinance
on January 10, 2001 and because the act was not effective until September 1,
2001, see 2001 Tex. Gen. Laws at 734, the amended statute does not apply
in this case.