COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-230-CV

 

 

CITY
OF CELINA                                                                 APPELLANT

 

                                                   V.

 

CITY
OF PILOT POINT                                                           APPELLEES

AND TALLEY RANCH 

MANAGEMENT, LTD., A

TEXAS LIMITED PARTNERSHIP

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The City of Celina appeals from the trial court=s
summary judgment in favor of the City of Pilot Point and Talley Ranch
Management, Ltd., a Texas Limited Partnership in a dispute over the validity of
an annexation by Pilot Point.  In three
issues, Celina challenges the trial court=s grant
of summary judgment for Pilot Point and Talley Ranch, its denial of summary
judgment for Celina, and its denial of Celina=s motion
to strike Talley Ranch=s intervention.  Because we hold that the trial court did not
err by granting summary judgment for Pilot Point and Talley Ranch and that
Talley Ranch properly intervened, we affirm.

                                 Facts
and Procedural History

On January 10, 2000, Pilot Point passed an
ordinance annexing the FM 455 right-of-way from the Pilot Point city limits
east to the Denton-Collin County line (Athe FM
455 property@).  Talley Ranch owns approximately 3,700 acres
along the Denton County line and FM 455, 190 acres of which Celina claims is
within its extraterritorial jurisdiction (AETJ@).  Five years later, in 2005, Pilot Point and
Talley Ranch entered into two development agreements; one of these agreements
covered only the part of Talley Ranch property not claimed by Celina as being
within its ETJ (Athe Talley Tract@).  Pilot Point also adopted a resolution to
accept approximately 3,545 acres of Talley Ranch=s
property into its ETJ.  According to
Celina, this property is adjacent to the FM 455 property but is not contiguous
with Pilot Point=s borders as they existed prior
to the 2000 annexation.








In 2006, Pilot Point accepted additional land
into its ETJ after the owners of the land petitioned Pilot Point to do so;
according to Celina, this property is also adjacent to the FM 455 property but
is not adjacent to Pilot Point=s
borders as they existed prior to the 2000 annexation.

Also in 2006, Celina brought suit against Pilot
Point seeking a declaration that the 2000 annexation was void because (1) it
extended into Celina=s previously existing ETJ; (2)
it was a prohibited Astrip annexation@ in that
the annexed land was less than 1,000 feet at its narrowest point; and (3) it
annexed land outside Pilot Point=s
ETJ.  Celina also argued that any of
Pilot Point=s acts that were predicated on
the 2000 annexation, including Pilot Point=s
acceptance into its ETJ of the Talley Ranch property, were void.  Celina further sought a declaration that the
development agreements between Talley Ranch and Pilot Point were void.








Talley Ranch intervened.  Pilot Point and Talley Ranch both moved for
summary judgment on the ground that Celina=s suit
was barred by section 43.901 of the local government code because it had been
filed more than two years after the 2000 annexation.[2]  Celina responded that section 43.901 did not
entitle Pilot Point and Talley Ranch to summary judgment because that section
only cured a defect in an annexation if the defect was based on lack of
consent.  That is, even if Celina=s
consent to the annexation was presumed under section 43.901, that consent could
not cure two other substantive defects of the annexation:  that Pilot Point had annexed land outside its
ETJ and that the land was less than 1,000 feet at its narrowest point.

Celina also moved for summary judgment on those
groundsCthat the
annexation purported to annex an area outside of Pilot Point=s ETJ
and was less than 1,000 feet wide.  The
trial court granted Pilot Point and Talley Ranch=s motion
and denied Celina=s motion.  This appeal followed.

                                       Standard
of Review








A plaintiff is entitled to summary judgment on a
cause of action if it conclusively proves all essential elements of the claim.[3]  A defendant is entitled to summary judgment
on an affirmative defense if the defendant conclusively proves all the elements
of the affirmative defense.[4]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[5]

When both parties move for summary judgment and
the trial court grants one motion and denies the other, the reviewing court
should review both parties= summary
judgment evidence and determine all questions presented.[6]  The reviewing court should render the
judgment that the trial court should have rendered.[7]

                                               Analysis

In its first issue, Celina argues that the trial
court erred by granting summary judgment for Pilot Point and Talley Ranch
because Pilot Point=s annexation was void, Celina=s
consent cannot be presumed, and, in any event, section 43.901 does not cure any
defect other than lack of consent in an annexation.  Pilot Point and Talley Ranch counter that
section 43.901 bars any challenge by Celina to the annexation of the property.

At the time Pilot Point adopted the ordinance
annexing the FM 455 property, section 43.901 provided,








A municipal ordinance
defining boundaries of or annexing area to a municipality is conclusively
presumed to have been adopted with the consent of all appropriate persons if:

 

(1) two years have
expired after the date of the adoption of the ordinance; and

 

(2) an action to annul or review the adoption of
the ordinance has not been initiated in that two‑year period.[8]

In 1996, the Supreme Court of Texas issued its
decision in City of Murphy v. City of Parker.[9]  In that case, the court held that Murphy was
time-barred from challenging an annexation by Parker because it did not
challenge the annexation until after two years had passed.[10]  In 2001, the legislature amended section
43.901 to provide that Aall appropriate persons@ does
not include municipalities, but it did not make the amendment retroactive.[11]








In 2003, this court looked at the holding in Murphy
and determined that the supreme court had interpreted section 43.901 Ato be a
statute of limitations resulting in a complete bar, as a matter of law, to any
challenge after two years.@[12]  There is no dispute in this case that Celina
did not bring suit within two years of Pilot Point=s
annexation.








Celina argues that, nevertheless, section 43.901
does not bar its claim.  It first
contends that section 43.901, as interpreted by Murphy, only bars
challenges asserting lack of consent but does not bar challenges that allege
other defects.  In this case, Celina
challenged the annexation on the ground that the FM 455 property was not at
least 1,000 feet wide at its narrowest point. 
Under section 43.054 of the local government code, any area to be
annexed by a municipality must be at least 1,000 feet at its narrowest point
unless, among other things, the owners or a majority of the qualified voters of
that area initiate the annexation by written petition.[13]  Celina further contends that the FM 455
property extended Pilot Point=s ETJ
beyond what was allowed by statute and that Pilot Point did not own the
property.[14]  Under section 42.021, a municipality may not
expand its ETJ beyond certain limits unless the owners of the area request the
expansion.[15]

In support of its argument, Celina points to
language in Murphy:  AThe
statute conclusively presumes that after two years, all required consent to an
annexation was given; thus all challenges based on lack of actual consent
are barred.@[16]  But the absence of consent was the particular
issue raised by the parties in that caseCMurphy
objected that the action of Parker was void because it was taken without Murphy=s
consent.[17]  The court also spoke of section 43.901
generally and stated that with that section, the legislature Arecognized
the need for certainty in municipal boundaries.@[18]  Thus, A[t]he
[l]egislature has directed that at a certain point in time, defects in an
annexation must yield to the interests of stability.@[19]








The court also disagreed with Murphy=s
interpretation of the statute as being inapplicable to a municipality, stating
that such an interpretation of section 43.901 would Abar
residents and landowners, the parties most directly affected by an annexation,
from challenging an annexation after two years, but would allow the adjacent
municipality to challenge an annexation at any time.@[20]  The court determined that such a result was
contrary to the legislature=s
purpose in designating ETJ.[21]  The court further noted that although Murphy
complained that Parker had annexed land outside of Parker=s ETJ,
that argument was

merely an extension of Murphy=s
argument that Parker illegally annexed land in Murphy=s
ETJ.  Had Murphy expressly consented to
relinquish its jurisdiction over the land, Parker could have extended its ETJ
to include it.  Again, the essence of
Murphy=s
complaint is that Parker failed to obtain the requisite consent to the
annexation, consent that is conclusively presumed to have been given after the
expiration of two years under section 43.901.[22]

The court concluded by stating that A[a]fter
two years, section 43.901 created the conclusive presumption that Murphy
consented to the annexation, and barred any subsequent challenges by
Murphy.@[23]








Celina argues that the legislature abrogated the
holding in Murphy by adopting local government code section 51.003.[24]  That section applies to municipal acts or
proceedings generally, unlike section 43.901, which applies only to a Amunicipal
ordinance defining boundaries of or annexing area to a municipality.@[25]  Section 51.003 states that after three years,
A[a]
governmental act or proceeding of a municipality is conclusively presumed, as
of the date it occurred, to be valid and to have occurred in accordance with
all applicable statutes and ordinances@ if a
lawsuit or other proceeding challenging the act has not been filed on or before
the three years from the date the act occurred.[26]  The statute expressly does not apply to Aan act
or proceeding that was void at the time it occurred@ or Aan
incorporation or attempted incorporation of a municipality, or an annexation or
attempted annexation of territory by a municipality, within the incorporated
boundaries or extraterritorial jurisdiction of another municipality that
occurred without the consent of the other municipality in violation of Chapter
42 or 43.@[27]








Section 51.003 did not abrogate Murphy=s
interpretation of section 43.901; section 51.003 is a validation statute.[28]  Prior to enacting that section, the
legislature had often enacted validation statutes relating to the acts of
municipalities.[29]  This particular statute does just that,
validating various acts of municipalities but excluding from its effect void
annexations.[30]  Nothing in section 51.003's language removes
the presumption of consent found in section 43.901 or excludes municipalities
from the effect of the presumption.  A
party may be barred by the statute of limitations from challenging an
annexation that it contends is void.[31]  If the legislature had wanted to exclude
municipalities from the presumption of consent, it could have done so expressly
by either inserting language to that effect in section 51.003 or by amending
section 43.901, as the legislature eventually did in 2001.  It did not do so when it enacted section
51.003 in 1999.













In this case, Celina did not bring suit until six
years after Pilot Point annexed the FM 455 property, four years after the
running of the two‑year limitation provided in section 43.901 and two
years after the running of this state=s catch‑all
statute of limitations.[32]  Under the supreme court=s ruling
in Murphy, enough time has passed such that any defects in annexation
must yield to the interests of stability.[33]  Accordingly, we must presume that Celina
consented to Pilot Point=s annexation.[34]  We note that Celina only had standing to sue
to have the annexation declared void if it suffered some burden peculiar to
itself, as Talley Ranch pointed out in the trial court, and thus the only
complaint that Celina has standing to make is that the annexation encroached
upon Celina=s ETJ or in some other way
caused Celina to suffer some kind of special burden.[35]  And because Celina consented to the
annexation, it should not now be heard to complain of it in any manner.[36]

While Celina argues that the trial court erred by
granting summary judgment for Pilot Point because Pilot Point=s motion
addressed only Celina=s claim that it did not consent
to the annexation and not its claims that the annexation was void because it
did not comply with sections 42.021 and 43.054, Pilot Point=s brief
summary judgment motion states that it was entitled to summary judgment Abased
upon Celina=s pleadings, which, as a matter
of law, demonstrate that Celina=s suit
is time-barred by virtue of [section 43.901].@  Pilot Point thus argued that Celina=s suit,
not just one of Celina=s claims, was barred under
section 43.901.  It was Celina, not Pilot
Point, who argued that section 43.901 applied only to defects based on
consent.  Accordingly, we overrule Celina=s first
issue.








In its second issue, Celina argues that the trial
court erred by denying its motion for summary judgment, in which it alleged
that Pilot Point=s FM 455 annexation was
void.  Because we have already held the
trial court did not err by granting Pilot Point=s
summary judgment on the ground that Celina is barred under section 43.901 from
challenging Pilot Point=s annexation of the FM 455
property, we further hold that the trial court did not err by denying Celina=s
summary judgment motion.  We overrule
Celina=s second
issue.

In its third issue, Celina argues that the trial
court erred by denying Celina=s motion
to dismiss Talley Ranch=s intervention for lack of
subject matter jurisdiction.  Celina
argues, as it did in the trial court, that Talley Ranch challenged some of
Celina=s
annexation ordinances, that its ordinances were not void and did not impose a
special burden on Talley Ranch and, that, accordingly, Talley Ranch could not
challenge those ordinances.








A private party may bring suit to challenge an
annexation ordinance, but only if the ordinance complained of is void and if it
imposes a special burden, such as a tax, on the party.[37]  But Talley Ranch intervened not to challenge
Celina=s
ordinances but as an interested party to Celina=s
challenge to Pilot Point=s actions in incorporating the
FM 455 property into Pilot Point=s
ETJ.  Talley Ranch stated in its plea in
intervention that ACelina has requested [the trial
court] to rule that the development agreement, consent and any plat approvals
related to the Talley Tract are void ab initio@ and
that ATalley
[Ranch] clearly has a justiciable interest in this proceeding as Celina is
attempting to void [Talley Ranch=s]
contracts and development approvals with@ Pilot
Point.  Talley Ranch was correct that
Celina asked the trial court to declare that the development agreements between
Pilot Point and Talley Ranch were void.

Under the rules of civil procedure, A[a]ny
party may intervene by filing a pleading, subject to being stricken out by the
court for sufficient cause on the motion of any party.@[38]  If a party has a justiciable interest in a
pending suit, that party may intervene as a matter of right.[39]  A party has a justiciable interest in a
lawsuit, and thus a right to intervene, when the party=s
interests will be affected by the litigation.[40]  That interest, however, must be more than
remote or contingent.[41]

Here, Celina expressly sought to void a
development agreement to which Talley Ranch was a party.  Talley Ranch had an interest that would be
affected by the litigation, and this interest was neither remote nor contingent.  Accordingly, the trial court did not err by
denying Celina=s motion to strike Talley Ranch=s
intervention.








In Celina=s reply
brief, it argues that this analysis of Talley Ranch=s
intervention is Anot entirely accurate@ because
Talley Ranch=s plea in intervention
incorporated defenses in Pilot Point=s
answer, and Pilot Point had in its answer challenged some of Celina=s
annexation ordinances as void.  But a
party does not have to be able to succeed on all claims at issue in a case in
order to intervene.[42]  Talley Ranch clearly had a justiciable
interest in a cause of action to set aside an agreement to which it was a
party.  Whether Talley Ranch had standing
to challenge Celina=s ordinances is a separate
question from whether it could intervene in Celina=s suit
at all.  Because it had a justiciable
interest in Celina=s suit, the trial court did not
err by denying Celina=s motion to strike.  We therefore overrule Celina=s third
issue.

                                             Conclusion

Having overruled each of Celina=s three
issues, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  August 31, 2009











[1]See Tex. R. App. P. 47.4.





[2]Act of Apr. 30, 1987,
70th Leg., R.S., ch. 149, ' 1, 1987 Tex. Gen. Laws 707, 766 (amended 2001)
(current version at Tex. Loc. Gov=t Code Ann. ' 43.901 (Vernon 2008)).





[3]See Tex. R. Civ. P. 166a(a),
(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[4]Rhone-Poulenc, Inc. v.
Steel,
997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P. 166a(b), (c).





[5]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[6]Valence Operating Co. v.
Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).





[7]Id.





[8]Act of Apr. 30, 1987,
70th Leg., R.S., ch. 149, ' 1, 1987 Tex. Gen. Laws 707, 766 (amended 2001)
(emphasis added).  Throughout this
opinion, we use Asection 43.901@ to refer to version of
the statute in effect prior to the amendment.





[9]City of Murphy v. City of
Parker,
932 S.W.2d 479, 482 (Tex. 1996).





[10]Id.





[11]See Act of May 15, 2001,
77th Leg., R.S., ch. 401, ' 1, 2001 Tex. Gen. Laws 733, 733B34 (adopting amendment to
section 43.901 and providing that A[t]he change in law made by this Act to Section
43.901. . . applies only to a municipal ordinance that . . . is adopted on or
after the effective date of this Act@).





[12]City of Roanoke v. Town
of Westlake,
111 S.W.3d 617, 631B32 (Tex. App.CFort Worth 2003, pet.
denied).





[13]Tex. Loc. Gov=t Code Ann. ' 43.054(a), (b)(2)
(Vernon 2008).





[14]See id. '' 42.021(a) (limiting a
municipality=s ETJ to contiguous
property within certain geographical restrictions), 42.022(b) (allowing the
expansion of a municipality=s ETJ beyond the distance limitations imposed by
section 42.021 to include an area contiguous to the otherwise existing ETJ of
the municipality if the owners of the area request the expansion).





[15]Tex. Loc. Gov=t Code Ann. '' 42.021(a), 42.022(b).





[16]Murphy, 932 S.W.2d at 482
(emphasis added).





[17]Id. at 480B81.





[18]Id. at 482.





[19]Id.





[20]Id.





[21]Id.





[22]Id.





[23]Id. (emphasis added).





[24]Tex. Loc. Gov=t Code Ann. ' 51.003 (Vernon 2008).





[25]Id. '' 43.901, 51.003.





[26]Id. ' 51.003(a).





[27]Id. ' 51.003(b)(1), (3).





[28]Id; City of Alton v.
City of Mission, 164 S.W.3d 861, 868 (Tex. App.CCorpus Christi 2005, pet.
denied) (noting that section 51.003 is a validation statute).





[29]See City of West Lake
Hills v.
State ex rel. City of Austin, 466 S.W.2d 722, 729 (Tex. 1971) (noting that
the legislature Ahas for years regularly
enacted statutes validating in very broad language the proceedings and
boundaries of municipalities@).





[30]Tex. Loc. Gov=t Code Ann. ' 51.003(b)(1), (3).





[31]See City of Willow Park
v. Bryant,
763 S.W.2d 506, 509 (Tex. App.CFort Worth 1988, no writ).





[32]See Tex. Civ. Prac. &
Rem. Code Ann. ' 16.051 (Vernon 2008);
City of Willow Park, 763 S.W.2d at 509 (holding that challenge to
annexation as being void was barred under four‑year statute of
limitations in section 16.051).  Pilot
Point and Talley Ranch did not move for summary judgment based on section
16.051, so we do not consider it as a ground for affirming the summary
judgment.  See Stiles v. Resolution
Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (A[A] summary judgment
cannot be affirmed on grounds not expressly set out in the motion or response.@).





[33]See Murphy, 932 S.W.2d at 482.





[34]See id.





[35]See City of West Lake
Hills,
466 S.W.2d at 727; Sunchase Capital Group, Inc. v. City of Crandall, 69
S.W.3d 594, 596 (Tex. App.CTyler 2001, no pet.). 





[36]See Murphy, 932 S.W.2d at 482.





[37]Sunchase Capital Group, 69 S.W.3d at 596. 





[38]Tex. R. Civ. P. 60.





[39]In re Union Carbide Corp., 273 S.W.3d 152, 154
(Tex. 2008).





[40]Law Offices of Windle
Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 70 (Tex. App.CFort Worth 2003, no pet.).





[41]Id.





[42]See Guar. Fed. Sav. Bank
v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990) (noting that Aunder Rule 60, a person
or entity has the right to intervene if the intervenor could have brought the
same action, or any part thereof, in his own name, or, if the action had
been brought against him, he would be able to defeat recovery, or some part
thereof@) (emphasis added).