SUNCHASE CAPITAL GROUP, INC.
and Jodee Null, Appellants,

v.

CITY OF CRANDALL, Appellee.

No. 12–01–00007–CV.

Court of Appeals of Texas,
Tyler.

Dec. 5, 2001.

Frank Gilstrap, Hill Gilstrap, P.C., Arlington, for appellants.

Greg S. Boling, Robert F. Brown, Brown & Hofmeister, Dallas, for appellee.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

LEONARD DAVIS, Chief Justice.

Sunchase Capital Group, Inc. ("Sunchase") and Jodee Null ("Null") (collectively "Appellants") appeal the trial court's order dismissing their lawsuit for want of jurisdiction and the entry of a take-nothing judgment in favor of Appellee, City of Crandall (the "City"). Appellants raise three issues on appeal. We affirm and modify the trial court's order.

## BACKGROUND

Sunchase acquired a tract of land in rural Kaufman County (the "County"), which it planned to develop as a residential subdivision in accordance with the County's subdivision requirements. In preparation for such development, Sunchase purchased water pipe it planned to install and incurred unspecified expenses for engineering services. Null, who owned property near Sunchase's, along with other landowners, petitioned the county judge to incorporate the town of Quail Country, which would include Null's land and the Sunchase Tract.

In late 1999, the City passed three annexation ordinances. The first two ordinances annexed a pair of adjacent, parallel strips of land. The third ordinance annexed another tract connected to the original city limits by one of the strips. Although not within the annexed area, Appellants' land was now within the City's newly expanded extraterritorial jurisdiction ("ETJ"), which enabled the City to regulate subdivisions,[1] such as Sunchase's, and to prevent incorporation of a new municipality,[2] such as Quail Country.

After passage of the annexation ordinances, the City notified the county judge that the proposed town of Quail Country was now within its ETJ, and the county judge refused to call the requested election. Sunchase, later joined by Null, filed the instant suit seeking a declaratory judgment that the annexation ordinances were void and that a writ of mandamus issue ordering the county judge to call an election for the incorporation of Quail Country. The City filed a plea to the jurisdiction, which the trial court granted. Appellants nonsuited their claims against the county judge, and brought this appeal contending the trial court erred in dismissing their declaratory judgment action for want of jurisdiction.[3]

## STANDARD OF REVIEW

A trial court's order granting a plea to the jurisdiction is a question of law that we review *de novo*. *See Godley Independent School District v. Woods*, 21 S.W.3d 656, 658 (Tex.App.—Waco 2000, pet. denied). A plaintiff must plead facts which affirmatively show that the trial court has jurisdiction. *See Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993). Absent an allegation that the plaintiff's jurisdictional pleadings are fraudulent, we must take the allegations in the petition as true and construe them liberally in favor of the plaintiff. *See Woods*, 21 S.W.3d at 658.

## STANDING

The City argues the trial court was correct in dismissing this cause for want of

---

1. TEX. LOC. GOV'T CODE ANN. §§ 212.002, 212.003 (Vernon 1999).

2. TEX. LOC. GOV'T CODE ANN. § 42.041 (Vernon 1999).

3. Null subsequently nonsuited his claim against the City. As such, he is only interested in whether the trial court erred in ordering that Appellants take nothing in its order of dismissal. In its brief the City has agreed with Appellants on this issue and the order of dismissal will be so reformed.

jurisdiction because Sunchase, as a private party who did not own property within the annexed area, did not have standing to challenge the annexation ordinances. Sunchase argues that it had standing because, as an owner of property within the City's expanded ETJ, its property rights were impaired by imposition of the City's subdivision requirements.

■ The power of a city to annex territory is conferred by Article XI, section 5 of the Texas Constitution, and the legislature has provided the mechanism by which a city may so act. *See* TEX. LOC. GOV'T.CODE ANN. § 43.021 (Vernon 1999). Generally, the only appropriate mechanism for challenging the validity of an annexation is a *quo warranto* proceeding, in which "the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding." *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 437 (Tex.1991), *quoting Fuller Springs v. State ex rel. City of Lufkin*, 513 S.W.2d 17, 19 (Tex.1974); *see Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 658 (Tex.1995). However, under limited circumstances, a private party may collaterally attack an annexation ordinance as void, as opposed to voidable.

In *City of West Lake Hills v. City of Austin*, 466 S.W.2d 722 (Tex.1971), the Texas Supreme Court set forth the requirements for a private party to have standing to collaterally attack an annexation ordinance as follows:

> It is well established that private parties who are **directly affected** may collaterally attack a void incorporation or annexation. However, even if the municipal act is void, the private party must suffer some **burden peculiar to himself** to acquire standing to sue. Most com-

monly that **special burden** is the imposition of tax. Otherwise, no action lies by the individual to restrain an interference with the public interest.

*Id.* at 727. (emphasis added, citations omitted). In *West Lake*, private parties who owned property within the City of West Lake Hills' ETJ sought to collaterally attack the City of Westlake's incorporation and annexation which placed their land within its ETJ. By their land's inclusion in West Lake's ETJ the plaintiffs were prevented from seeking annexation by the City of Austin, which they preferred. In holding that the private property owners lacked standing the Court stated:

> The City of West Lake Hills has imposed no burden upon these property owners by taxation or otherwise. The evidence shows that the market value of their land is increasing. Their position is no better than that of the plaintiffs in *San Antonio Conservation Society v. San Antonio*, 250 S.W.2d 259 (Tex.Civ. App.—Austin 1952, writ ref'd), who alleged their property would depreciate in value as a result of the building of a proposed bridge over the San Antonio River; nor is the grievance any greater than the complaint in *Harrell v. Lynch*, 65 Tex. 146 (1885) where the moving of the county seat lessened the value of the plaintiffs' property.

*Id.* at 727; *see also Hoffman v. Elliott*, 476 S.W.2d 845, 846 (Tex.1972).

We now turn to the allegations contained within Plaintiffs' Second Amended Petition for Declaratory Judgment, in which plaintiffs allege that (1) they have been damaged by being prohibited from incorporating Quail Country, (2) that Sunchase must now comply with the City's more costly subdivision rules and regulations, (3) that Sunchase has purchased wa-

ter pipe[4] which does not meet the City's standards and specifications, and (4) that Sunchase has expended unspecified. sums for engineering services and preparation of the property which would be wasted if it was required to comply with the City's subdivision requirements. Even taking these allegations as true and construing them liberally in Sunchase's favor, we do not see how these alleged burdens are any different, special or peculiar than those that ordinarily and indirectly result from a City's exercise of its power of annexation.

Certainly, being prohibited from incorporating a municipality or being subject to the City's subdivision requirements are not peculiar burdens because they are the ordinary consequences burdening the general public, whose land falls within a city's ETJ. *See* Tex. Loc. Gov't Code Ann. §§ 42.041, 212.002 and 212.003; *see also, e.g., City of Murphy v. City of Parker*, 932 S.W.2d 479, 481 (Tex.1996); *Quick v. City of Austin*, 7 S.W.3d 109, 120 (Tex.1999).

Likewise, we cannot conclude that the purchase of supplies or services in anticipation of the continuation of an existing regulatory scheme rises to the level of a peculiar burden directly affecting any property right or justiciable interest of a property owner in an ETJ to give him standing to collaterally attack the annexation ordinance which expanded the ETJ. To hold that such indirect and anticipatory expenditures by a property owner in an ETJ constitute a justiciable interest sufficient to provide standing to collaterally attack an annexation ordinance as void, would, in essence, open the door for any private party within a newly expanded ETJ to collaterally attack the annexation. The Texas Supreme Court has traditional-

ly construed the concept of a *peculiar burden* quite narrowly, and we will follow its lead. *See, e.g., Hoffman*, 476 S.W.2d at 846; *West Lake Hills*, 466 S.W.2d at 727; *Scott v. Board of Adjustment*, 405 S.W.2d 55, 56 (Tex.1966); *City of San Antonio v. Stumburg*, 70 Tex. 366, 7 S.W. 754, 755 (1888). Neither it nor the Texas Legislature has ever provided for such expanded private party collateral attacks on annexation ordinances, and we also decline to do so at this time.

The parties have not cited, nor are we aware of any authority in which any peculiar burden other than a tax was deemed sufficient to confer standing in such cases. The Sunchase tract is not within the annexed area, and, as such, is not subject to tax. *See* Tex. Loc. Gov't.Code Ann. § 42.902 (Vernon 1999). In essence, Sunchase's argument is that it does not want to be in the ETJ because it does not want to be subject to the City's subdivision requirements which will have an effect on its future development. Sunchase's argument is strikingly similar to that of the plaintiffs in *West Lake Hills*, who would have preferred to have been annexed by the City of Austin. *See West Lake Hills*, 466 S.W.2d at 727. We can understand Sunchase's desire, but, similarly to the Texas Supreme Court in *West Lake Hills*, we fail to see how Sunchase's desire rises to the level of a burden peculiarly suffered by Sunchase to afford it standing to collaterally attack the annexation as void. As such, we hold that Sunchase has failed to allege such a peculiar burden and has therefore failed to satisfy the standard set forth in *West Lake Hills* to give it standing to collaterally attack the annexation ordinance which placed it in the City's expanded ETJ.[5]

---

4. Since there is no allegation or evidence to the contrary, we assume that the water pipe had not been installed, but only purchased in anticipation of installation.

5. Our holding on this issue would not leave a party similarly situated to Sunchase completely without recourse. Such a party could petition the State of Texas to bring a *quo*

Appellants' first issue is overruled, and it is unnecessary for us to address the second issue of whether the City exceeded its statutory annexation powers.

### TAKE NOTHING JUDGMENT

█ In its final issue, Sunchase argues that if the trial court did not have jurisdiction to act, then it could not order that Appellants take nothing by their suit. We agree. In its brief, the City states that it has no objection to the reformation of the trial court's order to clarify that the order was not a ruling on the merits of the case. Since we have determined that Sunchase had no standing to challenge the annexation on the ground that it was void, it follows that the trial court's order that Sunchase "take nothing" was void because the trial court had no jurisdiction to so act. *See Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 130 (Tex.App.—San Antonio 1987), *writ denied,* 758 S.W.2d 753 (Tex. 1988). Appellants third issue is sustained.

Accordingly, we *affirm* the trial court's order dismissing without prejudice Sunchase's lawsuit for want of jurisdiction, but *modify* it by striking the language "that Plaintiffs take nothing by this suit from the City of Crandall, Texas."

*warranto* action challenging the annexation, if it could convince the State that its claims are meritorious. *See Alexander Oil Co.,* 825 S.W.2d at 437 ("By requiring that the State bring such a proceeding, we avoid the specter of numerous successive suits by private parties attacking the validity of annexations.").