

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-230-CV

CITY OF CELINA                                                         APPELLANT

V.

CITY OF PILOT POINT                                                     APPELLEES
AND TALLEY RANCH
MANAGEMENT, LTD., A
TEXAS LIMITED PARTNERSHIP

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The City of Celina appeals from the trial court's summary judgment in

favor of the City of Pilot Point and Talley Ranch Management, Ltd., a Texas

Limited Partnership in a dispute over the validity of an annexation by Pilot Point.

In three issues, Celina challenges the trial court's grant of summary judgment

---

[1] See Tex. R. App. P. 47.4.

for Pilot Point and Talley Ranch, its denial of summary judgment for Celina, and its denial of Celina's motion to strike Talley Ranch's intervention. Because we hold that the trial court did not err by granting summary judgment for Pilot Point and Talley Ranch and that Talley Ranch properly intervened, we affirm.

## Facts and Procedural History

On January 10, 2000, Pilot Point passed an ordinance annexing the FM 455 right-of-way from the Pilot Point city limits east to the Denton-Collin County line ("the FM 455 property"). Talley Ranch owns approximately 3,700 acres along the Denton County line and FM 455, 190 acres of which Celina claims is within its extraterritorial jurisdiction ("ETJ"). Five years later, in 2005, Pilot Point and Talley Ranch entered into two development agreements; one of these agreements covered only the part of Talley Ranch property not claimed by Celina as being within its ETJ ("the Talley Tract"). Pilot Point also adopted a resolution to accept approximately 3,545 acres of Talley Ranch's property into its ETJ. According to Celina, this property is adjacent to the FM 455 property but is not contiguous with Pilot Point's borders as they existed prior to the 2000 annexation.

In 2006, Pilot Point accepted additional land into its ETJ after the owners of the land petitioned Pilot Point to do so; according to Celina, this property is

also adjacent to the FM 455 property but is not adjacent to Pilot Point's borders as they existed prior to the 2000 annexation.

Also in 2006, Celina brought suit against Pilot Point seeking a declaration that the 2000 annexation was void because (1) it extended into Celina's previously existing ETJ; (2) it was a prohibited "strip annexation" in that the annexed land was less than 1,000 feet at its narrowest point; and (3) it annexed land outside Pilot Point's ETJ. Celina also argued that any of Pilot Point's acts that were predicated on the 2000 annexation, including Pilot Point's acceptance into its ETJ of the Talley Ranch property, were void. Celina further sought a declaration that the development agreements between Talley Ranch and Pilot Point were void.

Talley Ranch intervened. Pilot Point and Talley Ranch both moved for summary judgment on the ground that Celina's suit was barred by section 43.901 of the local government code because it had been filed more than two years after the 2000 annexation.[2] Celina responded that section 43.901 did not entitle Pilot Point and Talley Ranch to summary judgment because that section only cured a defect in an annexation if the defect was based on lack of

---

[2] Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 766 (amended 2001) (current version at Tex. Loc. Gov't Code Ann. § 43.901 (Vernon 2008)).

3

consent. That is, even if Celina's consent to the annexation was presumed under section 43.901, that consent could not cure two other substantive defects of the annexation: that Pilot Point had annexed land outside its ETJ and that the land was less than 1,000 feet at its narrowest point.

Celina also moved for summary judgment on those grounds—that the annexation purported to annex an area outside of Pilot Point's ETJ and was less than 1,000 feet wide. The trial court granted Pilot Point and Talley Ranch's motion and denied Celina's motion. This appeal followed.

## Standard of Review

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.[3] A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.[4] When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we

---

[3] *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[4] *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* Tex. R. Civ. P. 166a(b), (c).

indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[5]

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented.[6] The reviewing court should render the judgment that the trial court should have rendered.[7]

**Analysis**

In its first issue, Celina argues that the trial court erred by granting summary judgment for Pilot Point and Talley Ranch because Pilot Point's annexation was void, Celina's consent cannot be presumed, and, in any event, section 43.901 does not cure any defect other than lack of consent in an annexation. Pilot Point and Talley Ranch counter that section 43.901 bars any challenge by Celina to the annexation of the property.

At the time Pilot Point adopted the ordinance annexing the FM 455 property, section 43.901 provided,

---

[5] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

[6] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[7] *Id*.

5

A municipal ordinance defining boundaries of or annexing area to a municipality is conclusively presumed to have been adopted with the consent of *all appropriate persons* if:

(1) two years have expired after the date of the adoption of the ordinance; and

(2) an action to annul or review the adoption of the ordinance has not been initiated in that two-year period.[8]

In 1996, the Supreme Court of Texas issued its decision in *City of Murphy v. City of Parker*.[9] In that case, the court held that Murphy was time-barred from challenging an annexation by Parker because it did not challenge the annexation until after two years had passed.[10] In 2001, the legislature amended section 43.901 to provide that "all appropriate persons" does not include municipalities, but it did not make the amendment retroactive.[11]

---

[8] Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 766 (amended 2001) (emphasis added). Throughout this opinion, we use "section 43.901" to refer to version of the statute in effect prior to the amendment.

[9] *City of Murphy v. City of Parker*, 932 S.W.2d 479, 482 (Tex. 1996).

[10] *Id.*

[11] *See* Act of May 15, 2001, 77th Leg., R.S., ch. 401, § 1, 2001 Tex. Gen. Laws 733, 733–34 (adopting amendment to section 43.901 and providing that "[t]he change in law made by this Act to Section 43.901. . . applies only to a municipal ordinance that . . . is adopted on or after the effective date of this Act").

In 2003, this court looked at the holding in *Murphy* and determined that the supreme court had interpreted section 43.901 "to be a statute of limitations resulting in a complete bar, as a matter of law, to any challenge after two years."[12] There is no dispute in this case that Celina did not bring suit within two years of Pilot Point's annexation.

Celina argues that, nevertheless, section 43.901 does not bar its claim. It first contends that section 43.901, as interpreted by *Murphy*, only bars challenges asserting lack of consent but does not bar challenges that allege other defects. In this case, Celina challenged the annexation on the ground that the FM 455 property was not at least 1,000 feet wide at its narrowest point. Under section 43.054 of the local government code, any area to be annexed by a municipality must be at least 1,000 feet at its narrowest point unless, among other things, the owners or a majority of the qualified voters of that area initiate the annexation by written petition.[13] Celina further contends that the FM 455 property extended Pilot Point's ETJ beyond what was allowed by statute and that Pilot Point did not own the property.[14] Under section 42.021, a

_____

[12] *City of Roanoke v. Town of Westlake*, 111 S.W.3d 617, 631–32 (Tex. App.—Fort Worth 2003, pet. denied).

[13] Tex. Loc. Gov't Code Ann. § 43.054(a), (b)(2) (Vernon 2008).

[14] *See id.* §§ 42.021(a) (limiting a municipality's ETJ to contiguous property within certain geographical restrictions), 42.022(b) (allowing the

7

municipality may not expand its ETJ beyond certain limits unless the owners of the area request the expansion.[15]

In support of its argument, Celina points to language in *Murphy*: "The statute conclusively presumes that after two years, all required consent to an annexation was given; thus all challenges *based on lack of actual consent* are barred."[16] But the absence of consent was the particular issue raised by the parties in that case—Murphy objected that the action of Parker was void because it was taken without Murphy's consent.[17] The court also spoke of section 43.901 generally and stated that with that section, the legislature "recognized the need for certainty in municipal boundaries."[18] Thus, "[t]he [l]egislature has directed that at a certain point in time, defects in an annexation must yield to the interests of stability."[19]

---

expansion of a municipality's ETJ beyond the distance limitations imposed by section 42.021 to include an area contiguous to the otherwise existing ETJ of the municipality if the owners of the area request the expansion).

[15] Tex. Loc. Gov't Code Ann. §§ 42.021(a), 42.022(b).

[16] *Murphy*, 932 S.W.2d at 482 (emphasis added).

[17] *Id.* at 480–81.

[18] *Id.* at 482.

[19] *Id.*

The court also disagreed with Murphy's interpretation of the statute as being inapplicable to a municipality, stating that such an interpretation of section 43.901 would "bar residents and landowners, the parties most directly affected by an annexation, from challenging an annexation after two years, but would allow the adjacent municipality to challenge an annexation at any time."[20] The court determined that such a result was contrary to the legislature's purpose in designating ETJ.[21] The court further noted that although Murphy complained that Parker had annexed land outside of Parker's ETJ, that argument was

> merely an extension of Murphy's argument that Parker illegally annexed land in Murphy's ETJ. Had Murphy expressly consented to relinquish its jurisdiction over the land, Parker could have extended its ETJ to include it. Again, the essence of Murphy's complaint is that Parker failed to obtain the requisite consent to the annexation, consent that is conclusively presumed to have been given after the expiration of two years under section 43.901.[22]

The court concluded by stating that "[a]fter two years, section 43.901 created the conclusive presumption that Murphy consented to the annexation, and barred *any* subsequent challenges by Murphy."[23]

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* (emphasis added).

Celina argues that the legislature abrogated the holding in *Murphy* by adopting local government code section 51.003.[24] That section applies to municipal acts or proceedings generally, unlike section 43.901, which applies only to a "municipal ordinance defining boundaries of or annexing area to a municipality."[25] Section 51.003 states that after three years, "[a] governmental act or proceeding of a municipality is conclusively presumed, as of the date it occurred, to be valid and to have occurred in accordance with all applicable statutes and ordinances" if a lawsuit or other proceeding challenging the act has not been filed on or before the three years from the date the act occurred.[26] The statute expressly does not apply to "an act or proceeding that was void at the time it occurred" or "an incorporation or attempted incorporation of a municipality, or an annexation or attempted annexation of territory by a municipality, within the incorporated boundaries or extraterritorial jurisdiction of another municipality that occurred without the consent of the other municipality in violation of Chapter 42 or 43."[27]

---

[24] Tex. Loc. Gov't Code Ann. § 51.003 (Vernon 2008).

[25] *Id.* §§ 43.901, 51.003.

[26] *Id.* § 51.003(a).

[27] *Id.* § 51.003(b)(1), (3).

10

Section 51.003 did not abrogate *Murphy*'s interpretation of section 43.901; section 51.003 is a validation statute.[28] Prior to enacting that section, the legislature had often enacted validation statutes relating to the acts of municipalities.[29] This particular statute does just that, validating various acts of municipalities but excluding from its effect void annexations.[30] Nothing in section 51.003's language removes the presumption of consent found in section 43.901 or excludes municipalities from the effect of the presumption. A party may be barred by the statute of limitations from challenging an annexation that it contends is void.[31] If the legislature had wanted to exclude municipalities from the presumption of consent, it could have done so expressly by either inserting language to that effect in section 51.003 or by amending section 43.901, as the legislature eventually did in 2001. It did not do so when it enacted section 51.003 in 1999.

---

[28] *Id*; *City of Alton v. City of Mission*, 164 S.W.3d 861, 868 (Tex. App.—Corpus Christi 2005, pet. denied) (noting that section 51.003 is a validation statute).

[29] *See City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722, 729 (Tex. 1971) (noting that the legislature "has for years regularly enacted statutes validating in very broad language the proceedings and boundaries of municipalities").

[30] Tex. Loc. Gov't Code Ann. § 51.003(b)(1), (3).

[31] *See City of Willow Park v. Bryant*, 763 S.W.2d 506, 509 (Tex. App.—Fort Worth 1988, no writ).

11

In this case, Celina did not bring suit until six years after Pilot Point annexed the FM 455 property, four years after the running of the two-year limitation provided in section 43.901 and two years after the running of this state's catch-all statute of limitations.[32] Under the supreme court's ruling in *Murphy*, enough time has passed such that any defects in annexation must yield to the interests of stability.[33] Accordingly, we must presume that Celina consented to Pilot Point's annexation.[34] We note that Celina only had standing to sue to have the annexation declared void if it suffered some burden peculiar to itself, as Talley Ranch pointed out in the trial court, and thus the only complaint that Celina has standing to make is that the annexation encroached upon Celina's ETJ or in some other way caused Celina to suffer some kind of

---

[32] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 2008); *City of Willow Park*, 763 S.W.2d at 509 (holding that challenge to annexation as being void was barred under four-year statute of limitations in section 16.051). Pilot Point and Talley Ranch did not move for summary judgment based on section 16.051, so we do not consider it as a ground for affirming the summary judgment. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[A] summary judgment cannot be affirmed on grounds not expressly set out in the motion or response.").

[33] *See Murphy*, 932 S.W.2d at 482.

[34] *See id.*

special burden.[35]  And because Celina consented to the annexation, it should not now be heard to complain of it in any manner.[36]

While Celina argues that the trial court erred by granting summary judgment for Pilot Point because Pilot Point's motion addressed only Celina's claim that it did not consent to the annexation and not its claims that the annexation was void because it did not comply with sections 42.021 and 43.054, Pilot Point's brief summary judgment motion states that it was entitled to summary judgment "based upon Celina's pleadings, which, as a matter of law, demonstrate that Celina's suit is time-barred by virtue of [section 43.901]."  Pilot Point thus argued that Celina's suit, not just one of Celina's claims, was barred under section 43.901.  It was Celina, not Pilot Point, who argued that section 43.901 applied only to defects based on consent. Accordingly, we overrule Celina's first issue.

In its second issue, Celina argues that the trial court erred by denying its motion for summary judgment, in which it alleged that Pilot Point's FM 455 annexation was void.  Because we have already held the trial court did not err by granting Pilot Point's summary judgment on the ground that Celina is barred

---

[35] *See City of West Lake Hills*, 466 S.W.2d at 727; *Sunchase Capital Group, Inc. v. City of Crandall*, 69 S.W.3d 594, 596 (Tex. App.—Tyler 2001, no pet.).

[36] *See Murphy*, 932 S.W.2d at 482.

13

under section 43.901 from challenging Pilot Point's annexation of the FM 455 property, we further hold that the trial court did not err by denying Celina's summary judgment motion. We overrule Celina's second issue.

In its third issue, Celina argues that the trial court erred by denying Celina's motion to dismiss Talley Ranch's intervention for lack of subject matter jurisdiction. Celina argues, as it did in the trial court, that Talley Ranch challenged some of Celina's annexation ordinances, that its ordinances were not void and did not impose a special burden on Talley Ranch and, that, accordingly, Talley Ranch could not challenge those ordinances.

A private party may bring suit to challenge an annexation ordinance, but only if the ordinance complained of is void and if it imposes a special burden, such as a tax, on the party.[37] But Talley Ranch intervened not to challenge Celina's ordinances but as an interested party to Celina's challenge to Pilot Point's actions in incorporating the FM 455 property into Pilot Point's ETJ. Talley Ranch stated in its plea in intervention that "Celina has requested [the trial court] to rule that the development agreement, consent and any plat approvals related to the Talley Tract are void *ab initio*" and that "Talley [Ranch] clearly has a justiciable interest in this proceeding as Celina is attempting to

---

[37] *Sunchase Capital Group*, 69 S.W.3d at 596.

14

void [Talley Ranch's] contracts and development approvals with" Pilot Point. Talley Ranch was correct that Celina asked the trial court to declare that the development agreements between Pilot Point and Talley Ranch were void.

Under the rules of civil procedure, "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."[38] If a party has a justiciable interest in a pending suit, that party may intervene as a matter of right.[39] A party has a justiciable interest in a lawsuit, and thus a right to intervene, when the party's interests will be affected by the litigation.[40] That interest, however, must be more than remote or contingent.[41]

Here, Celina expressly sought to void a development agreement to which Talley Ranch was a party. Talley Ranch had an interest that would be affected by the litigation, and this interest was neither remote nor contingent. Accordingly, the trial court did not err by denying Celina's motion to strike Talley Ranch's intervention.

---

[38] Tex. R. Civ. P. 60.

[39] *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008).

[40] *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.).

[41] *Id.*

15

In Celina's reply brief, it argues that this analysis of Talley Ranch's intervention is "not entirely accurate" because Talley Ranch's plea in intervention incorporated defenses in Pilot Point's answer, and Pilot Point had in its answer challenged some of Celina's annexation ordinances as void. But a party does not have to be able to succeed on all claims at issue in a case in order to intervene.[42] Talley Ranch clearly had a justiciable interest in a cause of action to set aside an agreement to which it was a party. Whether Talley Ranch had standing to challenge Celina's ordinances is a separate question from whether it could intervene in Celina's suit at all. Because it had a justiciable interest in Celina's suit, the trial court did not err by denying Celina's motion to strike. We therefore overrule Celina's third issue.

### Conclusion

Having overruled each of Celina's three issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED: August 31, 2009

---

[42] *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (noting that "under Rule 60, a person or entity has the right to intervene if the intervenor could have brought the same action, *or any part thereof*, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, *or some part thereof*") (emphasis added).